UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANE RICHARDS,

                Plaintiff,

v.

WARNER MUSIC GROUP, et al.,

                Defendants.

22 Civ. 6200 (DEH)

**OPINION AND ORDER**

---

DALE E. HO, United States District Judge:

Plaintiff Shane Richards is a record producer, bringing this suit against Warner Music Group, The Orchard Music, and Blunt Recordings (collectively the "Defendants") claiming (1) direct infringement under the Copyright Act, in violation of 17 U.S.C. § 504, (2) vicarious infringement of copyright, in violation of 17 U.S.C. §§ 101 *et seq*., and (3) violations of the Digital Millennium Copyright Act ("DMCA"). *See* Second Am. Compl. ("SAC") 1, ECF No. 73. Defendants filed two motions to dismiss the Amended Complaint. *See* ECF Nos. 51, 55. For the reasons below, Defendants' motions to dismiss are **GRANTED** without prejudice.

## BACKGROUND

### I.    Factual Background

The following facts are taken from the Second Amended Complaint (unless otherwise indicated) and are assumed to be true solely for purposes of adjudicating Defendants' motions. All reasonable inferences are drawn in favor of Plaintiff as the non-moving party. *See Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023).[1]

---

[1] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

Plaintiff brings claims under the Copyright Act and the DMCA against all Defendants, *see* SAC ¶¶ 27-32, 42-44, and vicarious copyright infringement against Defendants Orchard and Blunt, *see* SAC ¶¶ 34-41. This action concerns the following music and copyrights: "Ragga Ragga Ragga 11" – U.S. Registration No. SR 639-025 ("Exhibit A"), "Tell Me" – U.S. Registration No. PA 1-621-418 ("Exhibit B"), "Ragga Ragga Ragga 10" – U.S. Registration No. SR 639-029 ("Exhibit C"), and "Sha-La-La-La" – U.S. Registration No. PA 1-623-704 ("Exhibit D"). SAC ¶ 9.

Plaintiff alleges that he owns the copyrights to these works, and that the owner of Marwan Music, LLC filed the copyright forms on Plaintiff's behalf; Marwan Music, LLC is listed as the copyright claimant. *Id.* ¶ 10. These copyrights were registered in July and December of 2008, *see* ECF No. 73-1 at 2, 7, 12, 14, but the registrations "were filed mistakenly with an incorrect claimant." *See* SAC ¶ 10. Plaintiff attaches to his Second Amended Complaint copies of these copyright registrations with "Marwan Music LLC" listed as the copyright claimant. *See* ECF No. 73-1 at 2,7, 12, 14. Plaintiff then made "supplementary registrations" for these works with "Mr. Richards as the copyright claimant." SAC ¶ 11. Plaintiff attaches to his Second Amended Complaint the supplementary registrations with decision dates of June 20, 2023, and June 27, 2023. *See* ECF No. 73-1 at 20, 24, 28, 32. Plaintiff attaches to his Second Amended Complaint links to YouTube videos of performances of the copyrighted works, which are incorporated into the Second Amended Complaint by reference. *See* ECF No. 73-2; *see also* SAC ¶ 13.

Defendant Orchard specifically made copyright claims to the work called "Nah Run Dung Gal," aka "Nah Run Nuh Gal," digitally. SAC ¶ 18. Defendant Warner Music Group made copyright claims to all other works digitally. *Id.* ¶ 19. Defendants "have created, caused to be created, managed the creation of, imported, exported, distributed, supplied, promoted,

offered for sale, sold infringing works without the authorization of Plaintiff or license from Plaintiff." *Id.* ¶ 28. They did so without an agreement to distribute the works. *Id.* Regarding the DMCA claim, in many of the videos containing Plaintiff's work, the metadata shows the correct name of the work, but the incorrect ownership of the work. *See id.* ¶ 15.

In sum, Plaintiff alleges that Defendants used Plaintiff's copyrighted music without authority, proper notice, and royalty payments; consequently, Plaintiff seeks damages and requests that the Court permanently enjoin Defendants from using Plaintiff's works in any capacity and creating, managing the creation of, importing, and distributing products infringing upon Plaintiff's copyrighted works. *See id.* ¶¶ 1-2, 21.

## II.     Procedural History

On January 29, 2024, Defendants the Orchard Music ("Orchard") and Blunt Recordings ("Blunt") together filed a motion to dismiss the First Amended Complaint under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Orchard Mem. of L. in Supp. of Mot. to Dismiss ("Orchard Mem."), ECF No. 52. On that same day, Defendant Warner Music Group ("Warner") separately filed its own motion to dismiss the First Amended Complaint. *See* Warner Mem. of L. in Supp. of Mot. to Dismiss ("Warner Mem."), ECF No. 57.

Defendants seek dismissal on various grounds, arguing that Plaintiff fails to allege either cognizable, or often, any facts supporting the requisite elements of the claim, and that he relies upon impermissible group allegations. Orchard Mem. 6, 9. Defendants also argue that Plaintiff's claimed works were not registered in his name prior to filing suit. *See* Warner Mem. 1, 3-4. Plaintiff filed an opposition to Defendants' motions to dismiss. *See* Pl.'s Opp'n to Defs.' Mots. to Dismiss ("Pl.'s Opp'n"), ECF No. 60. The motions to dismiss became fully briefed on April 5, 2024. *See* ECF Nos. 70, 72.

On March 15, 2024, Plaintiff sought leave to file an amended Complaint for the second time with all the Defendants' consent. *See* Pl.'s Opp'n 5. On March 25, 2024, Plaintiff moved the Court to substitute the previously proposed Second Amended Complaint, *see* ECF Nos. 60-2, 60-3, with a newly proposed Second Amended Complaint. *See* ECF No. 64. The next day, the Court granted Plaintiff's request and directed Plaintiff to file the Second Amended Complaint ("SAC"). *See* ECF No. 65. On April 5, 2024, Plaintiff filed his SAC.[2] *See* SAC.

The Court considers the merits of the motions to dismiss, analyzing the operative SAC. "District courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020).

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing the complaint, "[a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. The Court must, however, disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[2] On April 1, 2024, Plaintiff also sought leave, with Defendants' consent, to replace an exhibit attached to his opposition brief, Plaintiff's declaration, ECF No. 60-1. *See* ECF No. 68. The next day, the Court granted the request. *See* ECF No. 69. On April 5, 2024, Plaintiff filed an updated declaration. *See* ECF Nos. 74, 74-1.

On a Rule 12(b)(6) motion to dismiss, a court may consider "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit," *Kalyanaram v. Am. Ass'n of Univ. Professors at the N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014), documents that are "integral to the complaint" and solely relied upon by the plaintiff, even when the plaintiff "chooses not to attach [the document] to the complaint or incorporate [the document] by reference," *Condit v. Dunne*, 317 F. Supp. 2d 344, 356 (S.D.N.Y. 2004) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)), "any statements or documents incorporated . . . by reference" in the pleading, *Kalyanaram*, 742 F.3d at 44 n.1, and "matters of which judicial notice may be taken." *Id*. Fact-based arguments raised in declarations that are not integral to a complaint are not properly considered in a Rule 12(b)(6) motion. *See, e.g., Marquette Transp. Fin., LLC v. Soleil Chartered Bank*, No. 18 Civ. 9879, 2020 WL 122975, at *6 (S.D.N.Y. Jan. 16, 2020).

## PRELIMINARY MATTERS

Before considering the merits, the Court addresses a preliminary issue—whether the Court will consider the Plaintiff's declaration and exhibits, *see* ECF Nos. 60-1, 74, 74-1, attached to his opposition to the motion to dismiss, and Defendants' declarations attached to their reply brief, *see* ECF No. 71. A district court adjudication of a Rule 12(b)(6) motion to dismiss may "not look beyond facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). Because the declarations do not fall into these categories, the Court will not consider them. *See Logfret, Inc. v. Gerber Fin., Inc.*, 559 F. Supp. 3d 348, 361 (S.D.N.Y. 2021) ("[N]ew facts and allegations, first raised in a Plaintiff's opposition papers, may not be considered in deciding a motion to dismiss."); *see also*

5

*Ferreira v. N.Y.C. Dep't of Educ.*, No. 22 Civ. 4993, 2024 WL 308005, at *3 (S.D.N.Y. Jan. 26, 2024) (declining to consider an Administrative Order not mentioned by the complaint).

## DISCUSSION

The Court now turns to the merits and considers each of Plaintiff's claims: (1) direct copyright infringement, (2) vicarious copyright infringement, and (3) violations under the DMCA.  For the reasons below, the Court grants Defendants' motions to dismiss.

### I.     Direct Copyright Infringement

The Copyright Act endows the owners of copyrighted works the exclusive right to distribute copies of such works and to perform those works via digital audio transmission.  *See* 17 U.S.C. § 106.  A copy is a "material object[] . . . in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device."  17 U.S.C. § 101.  An individual commits copyright infringement by violating one or more of the exclusive rights of the copyright owner, as set forth in the Copyright Act.  17 U.S.C. § 501.  For instance, an individual infringes when reproducing, distributing, publicly displaying a protected work, or publicly and digitally playing a sound recording in an unprivileged manner.  17 U.S.C. § 106. "To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc*., 499 U.S. 340, 361 (1991).  The plaintiff in a copyright action bears the burden of proving copyright ownership.  *See Urbont v. Sony Music Ent.*, 831 F.3d 80, 88 (2d Cir. 2016).

Defendants dispute both elements of Plaintiff's direct infringement claim. Whether Plaintiff has adequately alleged the first element—ownership—is a close call.[3] But the Court need not resolve this question definitively, because it determines that dismissal is warranted because Plaintiff has failed to allege the second element, i.e., that Defendants engaged in "copying of constituent elements of the work." *Feist Publ'ns, Inc.*, 499 U.S. at 361.

"To satisfy the second element, a plaintiff must demonstrate that: (1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (emphasis in original). Actual copying "may be established by direct or indirect evidence." *Boisson v. Banian, Ltd.*, 273 F.3d 262, 267 (2d Cir. 2001). The actual copying must have "amounted to an improper or unlawful appropriation."

---

[3] The difficulty with respect to the first element, ownership, is as follows:

Plaintiff alleges that he owns the copyrights to these works, but that the owner of Marwan Music, LLC filed the copyright forms on Plaintiff's behalf and, as alleged by Plaintiff, mistakenly listed Marwan Music, LLC as the copyright claimant in the 2008 registrations. *See* SAC ¶ 10. To establish his ownership, Plaintiff attaches to the Second Amended Complaint his 2023 Supplementary Registrations, which list Plaintiff as the author and copyright claimant. *See* ECF No. 73-1 at 21, 24-25, 28, 32. A supplementary registration may be used to "correct an error in a copyright registration or to amplify the information given in a registration." 17 U.S.C. § 408(d); 37 C.F.R. § 201.5(b)(2) ("Supplementary registration may be made either to correct or to amplify the information in a basic registration").

For their part, Defendants argue that the claimed works were not registered in Plaintiff's name *prior to* the lawsuit. *See* Orchard Mem. 7 n.3; Warner Mem. 3-4; ECF No. 70 at 1-2. But the cases cited by Defendants address situations where a registration had not yet been issued *at all*, not where a plaintiff alleges that an already-issued registration bears a typographical error of some sort, which was later corrected. *See, e.g.*, *Simon J. Burchett Photography, Inc. v. Maersk*, No. 19 Civ. 1576, 2020 WL 13882095, at *1 (S.D.N.Y. Mar. 2, 2020) (dismissing claim because "at the time the Amended Complaint was filed, Plaintiff had applied for copyright registration . . . but registration had yet to issue.").

There is no binding precedent as to whether, under these facts, a plaintiff actually owns a copyright as of the filing of the lawsuit. Ultimately, however, the Court does not resolve this issue, because, as explained below, it determines that Plaintiff has failed to adequately allege the second element of his claim (i.e., copying).

7

*Bauer v. Yellen*, 548 F. Supp. 2d 88, 93 (S.D.N.Y. 2008). This inquiry "explores whether the copying that occurred was of such a nature that copyright infringement may have taken place as a matter of law." *Id.*

Plaintiff has not satisfied the second element. Plaintiff attaches to the SAC evidence of posted videos or uploaded recordings of his works on YouTube, Spotify, and iTunes. *See* ECF Nos. 73-1, 73-2. But as Defendant Warner notes, *see* Warner Mem. 4-7, these sites identify *non-parties* as the posters, not the named Defendants. *See* ECF No. 73-1 at 35-46. Curiously, Plaintiff does not address this point in his opposition papers. *See generally* Pl.'s Opp'n. Orchard and Blunt similarly contend that Plaintiff fails "to plead facts showing that any Defendant . . . engaged in any conduct violating one of Plaintiff's alleged exclusive rights under the Copyright Act, namely, that they reproduced, distributed, publicly performed by means of a digital audio transmission, or created a derivative work of any of Plaintiff's 31 works. 17 U.S.C. § 106." Orchard Mem. 8. Plaintiff also failed to respond to this argument. *See generally* Pl.'s Opp'n. "Numerous courts in this District have held that a party's failure to address an issue in its response to a Rule 12(b)(6) motion amounts to a concession or waiver of the argument." *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 318 n.10 (S.D.N.Y. 2021); *see also Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16 Civ. 7014, 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) (collecting cases for the proposition that "a plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument").

Accordingly, the Court dismisses Plaintiff's copyright claims.

## II.   Vicarious Copyright Infringement

Next, the Court considers Plaintiff's vicarious infringement claims against Defendants Orchard and Blunt. *See* SAC ¶¶ 34-41. For the reasons discussed below, the Court dismisses this claim.

A company commits vicarious copyright infringement when it "profit[s] from direct infringement while declining to exercise a right to stop or limit it." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). To state a claim for vicarious copyright infringement, a plaintiff must "allege that a defendant [1] has declined to exercise the right and ability to supervise or control the infringing activity and [2] enjoys a direct financial benefit from the infringing activity." *Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 385 (S.D.N.Y. 2016) (citing *Metro-Goldwyn-Mayer Studios Inc.*, 545 U.S. at 930). "Without a showing of a direct copyright infringement, secondary liability cannot be maintained." *Spinelli*, 903 F.3d at 197. The defendant must have "had the ability to supervise" the infringing activity "and failed to do so." *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 435 (S.D.N.Y. 2011). And there must have been a "causal relationship" between the infringing activity and a financial benefit reaped by the defendant. *Id.*

First, as discussed above, *see supra* Section I, Plaintiff has failed to show a direct copyright infringement by the Defendants. Plaintiff's allegation that "Defendant Orchard derives a direct financial benefit from this infringement, including without limitation, royalties from works that Defendant Blunt makes," SAC ¶ 35, is based on the premise that Defendant Blunt has engaged in direct infringement—which, as noted above, Plaintiff has not adequately alleged.

Plaintiff's substantive allegations regarding vicarious infringement are also conclusory. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a cause of action. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557). In his Second Amended Complaint, Plaintiff's allegations in support of his claim of vicarious infringement are mere

9

boilerplate recitals of the elements: "Defendant Orchard has the right and ability to supervise the activities of those engaged in the infringement, namely, Defendant Blunt." SAC ¶ 36. Plaintiff also adds, for instance, that "Defendant Orchard and Blunt acts of infringement were willful." *Id.* ¶ 37. That is a mere conclusion, not a factual allegation that can adequately support Plaintiff's claim.

In sum, the Second Amended Complaint is still threadbare, which even Plaintiff himself acknowledges. *See* Pl.'s Opp'n 6 (conceding that the "challenged complaint may appear sparse"). His conclusory allegations are inadequate. *See, e.g., New London Assocs., LLC v. Kinetic Soc. LLC*, 384 F. Supp. 3d 392, 410 (S.D.N.Y. 2019) (finding the "sole non-conclusory factual allegation regarding [Defendant's] involvement in the alleged infringement" insufficient and dismissing copyright infringement claim); *Piuggi v. Good for You Prods. LLC*, No. 23 Civ. 3665, 2024 WL 3274638, at *13 (S.D.N.Y. July 2, 2024) (dismissing copyright claim because Plaintiff's "vague and conclusory allegations of unspecified copying are insufficient as a matter of law.").

Accordingly, the Court dismisses Plaintiff's vicarious infringement claim.

### III.    The Digital Millennium Copyright Act

Finally, the Court considers Plaintiff's DMCA claim against all Defendants. *See* SAC ¶¶ 42-44. Plaintiff alleges Defendants violated the DMCA by removing and altering copyright management information ("CMI"). *Id.*

The DMCA provides that no person shall knowingly "provide" or "distribute" false CMI with the intent to facilitate or conceal infringement, 17 U.S.C. § 1202(a), and prohibits a person from "intentionally remov[ing] or alter[ing] any [CMI]" without the authority of the copyright owner. *Id.* § 1202(b). CMI includes "[t]he name of, and other identifying information about, the author . . . [or] copyright owner of the work." *Id.* § 1202(c)(2)-(3). To establish a violation

10

under the DMCA, "a litigant must show (1) the existence of CMI on the allegedly infringed work, (2) the removal or alteration of that information and (3) that the removal was intentional." *Fischer v. Forrest*, 968 F.3d 216, 223 (2d Cir. 2020).

In the Second Amended Complaint, Plaintiff alleges that "[CMI] is missing or incorrect from all videos that are streaming," SAC ¶ 43, and that "Defendants removed or changed the proper metadata, showing the improper owner of the Works used in the YouTube videos." *Id.* Plaintiff fails to plead, however, facts establishing that Defendants did so with the requisite intent. *See, e.g., Crowley v. Jones*, 608 F. Supp. 3d 78, 91 (S.D.N.Y. 2022) (dismissing DMCA claim because Plaintiff's allegation that defendants altered or removed [Plaintiff's] CMI is conclusory").

In contrast to the cases Plaintiff cites, *see* Pl.'s Opp'n 10-11, Plaintiff did not attach exhibits demonstrating *how* Defendants removed CMI from the original works created by Plaintiff, which could shed light on the requisite intent element. *See, e.g., Devocean Jewelry LLC v. Assoc. Newspapers, Ltd.*, No. 16 Civ 2150, 2016 WL 6135662, at *2 (S.D.N.Y. Oct. 19, 2016) ("Plaintiff has done enough by alleging that Defendant removed the CMI from the Screen Grabs and by attaching as an exhibit to the Complaint a copy of the article in which the Screen Grabs appear altered."). Instead, Plaintiff's exhibits only purport to show that non-parties may have included "incorrect" or "missing" CMI in the videos those non-parties posted. *See* ECF No. 73-1. Given the conclusory allegations, the DMCA claim will also be dismissed. *See Spinelli*, 903 F.3d at 205 ("The conclusory allegation to the effect of 'CMI was removed' will not suffice").

Because the Second Amended Complaint does not plausibly allege a violation of the DMCA, Plaintiff's request for statutory damages and attorney's fees under the DMCA will also be dismissed. Accordingly, the Court dismisses Plaintiff's DMCA claims.

11

## CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are **GRANTED** without prejudice.

The Clerk of Court is respectfully requested to terminate **ECF Nos. 51, 55** and to close the case.

SO ORDERED.

Dated: September 25, 2024
New York, New York

_____
DALE E. HO
United States District Judge